IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW GILBERT, | ) | **FILED: AUGUST 26, 2008** |
| | ) | |
| Plaintiff, | ) | 08CV4879 |
| | ) | |
| v. | ) | JUDGE CASTILLO |
| | ) | MAGISTRATE JUDGE ASHMAN |
| VILLAGE OF LIBERTYVILLE, | ) | |
| OFFICER ALEJANDRO CARDONA, | ) | AO |
| OFFICER EVANS, OFFICER KINCAID, | ) | |
| SERGEANT MOHN, OFFICER MACK, and | ) | |
| other AS-YET-UNKNOWN LIBERTYVILLE | ) | |
| POLICE OFFICERS, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, by his attorneys, LOEVY & LOEVY, complains of Defendants, VILLAGE OF LIBERTYVILLE, OFFICER ALEJANDRO CARDONA, OFFICER EVANS, OFFICER KINCAID, SERGEANT MOHN, OFFICER MACK, and other AS-YET-UNKNOWN LIBERTYVILLE POLICE OFFICERS (collectively, the "Defendant Officers"), as follows:

### Introduction

1.    This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2.    This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

3.    Venue is proper as Plaintiff is a resident of this judicial district and Defendant Village of Libertyville is a municipal corporation located here.  Further, the events giving rise to the claims asserted herein all occurred in this district.

**Background**

4.    Andrew Gilbert is a 24 year-old resident of Crystal Lake, Illinois.  He is a 2006 graduate of Columbia College in Chicago and is employed as a sound technician for a special events company in Northbrook, Illinois.

5.    On or about October 13, 2007, Mr. Gilbert attended a friend's wedding at the Libertyville Forest Preserve. Guests of the wedding, including Mr. Gilbert, were staying at the Holiday Inn Express in Libertyville.

6.    After the wedding and reception, the guests returned to the Holiday Inn Express where they continued to socialize with one another.  Mr. Gilbert went to Room 315 to socialize with friends.

7.    Members of the Libertyville Police Department, including Defendant Officers Cardona and Evans and Sergeant Mohn, subsequently arrived at the Holiday Inn Express.  The Defendant Officers proceeded to knock on the door of Room 315.

8.    Mr. Gilbert answered the door in response to the Defendant Officers' knocks.  Defendant Officer Cardona immediately grabbed Mr. Gilbert and threw him into the hallway. He caused Mr. Gilbert to hit his head on the opposite wall of the hallway, causing Mr. Gilbert to bleed.  Defendant Officer Cardona did this despite the fact that Mr. Gilbert presented no threat to the Defendant Officers and had complied with their request to open the door.

9. Officer Cardona then threw Mr. Gilbert to the ground, placed his knee on the back of Mr. Gilbert's neck, and Officers Cardona, Evans, and Sergeant Mohn pinned him to the ground. Without any provocation or justification, Defendant Officer Cardona then used an Electro-Muscular Disruption device manufactured by Taser International (hereinafter a "Taser") to electrocute Mr. Gilbert multiple times, although Mr. Gilbert was on the ground and presented no threat or resistence to the Defendant Officers.

10. The other Defendant Officers also arrived on the scene and assisted in handcuffing Mr. Gilbert, placing him in a police car, and taking him to the police station.

11. While on the scene, one of the Defendant Officers threatened those who had witnessed the unprovoked attack on Mr. Gilbert that they should not tell anyone what they had witnessed. The Defendant Officers told members of the wedding party who witnessed the attack on Mr. Gilbert words to the effect of, "Nobody saw anything" and "There are no witnesses here."

12. The Defendant Officers' vicious treatment of Mr. Gilbert caused injuries to his face, wrists, and torso.

13. Mr. Gilbert was transported to the Libertyville Police Station where he was kept in custody until bond court the following morning.

14. Mr. Gilbert was subsequently falsely charged with aggravated battery of a police officer. He was acquitted by a jury of all charges.

3

## Count I -- 42 U.S.C. § 1983
### Excessive Force

15.     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

16.     As described in the preceding paragraphs, the conduct of one of the Defendant Officers toward Plaintiff constituted excessive force in violation of the United States Constitution.

17.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

18.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Libertyville Police Department in that as a matter of both policy and practice, the Libertyville Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers about their use of Tasers, and by failing to adequately punish and discipline prior instances of similar misconduct, thus directly encouraging future abuses such as those affecting Plaintiffs, such that its failure to do so manifests deliberate indifference.

19.     As a result of the unjustified and excessive use of force by one of the Defendant Officers, as well as the

4

Village's policy and practice, Plaintiff has suffered pain and injury, as well as emotional distress.

20.     The misconduct described in this Count was undertaken by a Defendant Officer within the scope of his employment and under color of law such that his employer, Village of Libertyville, is liable for their actions.

### Count II -- 42 U.S.C. § 1983

### Unlawful Detention

21.     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

22.     As described more fully above, the Defendant Officers detained Plaintiff unlawfully.

23.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

24.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Libertyville Police Department in the manner described in preceding paragraphs.

25.     As a result of the above-described wrongful infringement of his rights, Plaintiff suffered damages, including but not limited to emotional distress and anguish.

26.     The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

## Count III - 42 U.S.C. § 1983
### 14th Amendment - Substantive Due Process

27.     All of the Paragraphs in this Complaint are incorporated by reference as though fully set forth herein.

28.     In the manner described more fully above, one of the Defendant Officers deprived Plaintiff of Due Process in violation of the Fourteenth Amendment to the United States Constitution.

29.     The Defendant Officer's actions set forth above were so arbitrary as to shock the conscience, and were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

30.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Libertyville Police Department in the manner described in preceding paragraphs.

31.     As a result of the above-described wrongful conduct, as well as the Village of Libertyville's policy and practice, Plaintiff has suffered pain and injury, as well as emotional distress.

32.     The misconduct described in this Count was undertaken by a Defendant Officer within the scope of his employment and under color of law such that his employer, Village of Libertyville, is liable for his actions.

6

## Count IV -- 42 U.S.C. § 1983
### Failure to Intervene

33.     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

34.     One or more of the Defendant Officers had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth above had he been so inclined, but failed to do so.

35.     As a result of the Defendant Officer's failure to intervene, Plaintiff suffered pain and injury, as well as emotional distress.

36.     The Defendant Officer's actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

37.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Libertyville Police Department in the manner described more fully above.

38.     The misconduct described in this Count was undertaken by a Defendant Officer within the scope of his employment and under color of law such that his employer, Village of Libertyville, is liable for his actions.

## Count V -- State Law Claim

## False Imprisonment

39.     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

40.     Plaintiff was detained despite the Defendant Officers' knowledge that there was no lawful justification for doing so.

41.     In the manner described more fully above, the Defendant Officers caused Plaintiff to be unlawfully and unreasonably imprisoned without justification.

42.     As a result of this misconduct, Plaintiff has suffered damages, including but not limited to emotional distress.

43.     The Defendant Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

44.     The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, Village of Libertyville, is liable for their actions.

## Count VI -- State Law Claim

### Malicious Prosecution

45.     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

46.     Plaintiff was detained and charged with aggravated battery of a police officer despite the Defendant Officers' knowledge that there was no probable cause or lawful justification for doing so.

47.     In the manner described more fully above, the Defendant Officers caused Plaintiff to be charged without justification.

48.     As a result of this misconduct, Plaintiff has suffered damages, including but not limited to emotional distress.

49.     The Defendant Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

50.     The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, Village of Libertyville, is liable for their actions.

## Count VII -- State Law Claim

### Respondeat Superior

51.     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

52.     In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Libertyville Police Department acting at all relevant times within the scope of their employment.

53.     Defendant Village of Libertyville is liable as principal for all torts committed by its agents.

## COUNT VIII -- State Law Claim
## Indemnification

54.     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

55.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

56.     The Defendant Officers are or were employees of the Libertyville Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, ANDREW GILBERT, respectfully requests that this Court enter judgment in his favor and against Defendants, VILLAGE OF LIBERTYVILLE, OFFICER ALEJANDRO CARDONA, OFFICER EVANS, OFFICER KINCAID, SERGEANT MOHN, OFFICER MACK, and other AS-YET-UNKNOWN LIBERTYVILLE POLICE OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendant Officers in their individual

capacities, as well as any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff, Andrew Gilbert, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,


/S/ Tara Thompson
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Tara Thompson
LOEVY & LOEVY
312 North May St
Suite 100
Chicago, IL 60607
(312) 243-5900